UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5126 PA (AJWx) | | Date | July 3, 2014 |
|---|---|---|---|---|
| Title | Kristy Mowell, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    ORDER TO SHOW CAUSE

The Court has reviewed the Complaint filed by plaintiff Kristy Mowell and 67 other plaintiffs (collectively "Plaintiffs") against defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer OY, and Bayer Pharma AG (collectively "Bayer").  According to the Complaint, Plaintiffs, only one of whom, Brittany Casey, is a citizen of California, received the Mirena® intrauterine contraceptive system ("Mirena") that is manufactured and sold by Bayer.  It appears that each Plaintiff received the Mirena from her physician.  The Complaint does not allege why Plaintiffs, who live throughout the United States and were treated by different physicians, have been joined together in this action.  Nor does the Complaint contain any allegations suggesting why the 67 plaintiffs who are not citizens of California have filed their claims here or how the Central District of California is an appropriate or convenient forum to litigate their claims.

Federal Rule of Civil Procedure 20(a)(1), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as plaintiffs if:
>
> (A)   they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B)   any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. Proc. 20(a)(1); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).  "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the Complaint, it is not clear that Plaintiffs' claims against defendants arise out of the same transaction or occurrence.  Specifically, it is not apparent what connection, if any, each plaintiff has with one another.  Nor are any facts alleged in the Complaint to satisfy Rule 20(a)(1).  The Court therefore orders Plaintiffs to show cause in writing, no later than July

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5126 PA (AJWx) | Date | July 3, 2014 |
|---|---|---|---|
| Title | Kristy Mowell, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al. | | |

10, 2014, why one or more plaintiffs should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court").

    In response to this Order to Show Cause, Plaintiffs may, if they so choose, file separate actions against Bayer, with new complaints and filing fees.

    IT IS SO ORDERED.